UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLANDO CARRERA PRIETO, A-026-001-213,

Petitioner,

v.

TODD BLANCHE, Warden,

Respondent.

No. 1:26-cv-05376-TLN-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order. (ECF No. 5.) The petition, respondent's answer, and petitioner's reply are before the court. (ECF Nos. 1, 14, 15.) For the following reasons, the undersigned recommends the petition be granted and respondents be ordered to immediately release petitioner under appropriate conditions of supervision.

**I. Background**

Petitioner is a native and citizen of Cuba who was admitted into the United States in 1993 as a Lawful Permanent Resident. (ECF No. 14-2 at 2.) According to respondents' evidence, petitioner has been convicted of several drug possession offenses in Florida since then. (Id. at 3.)

////

On September 30, 2011, petitioner was ordered removed. (ECF No. 14-2 at 149.) Petitioner was in ICE custody on that date. (ECF No. 14-1 at 3.) On October 12, 2011, petitioner was transferred to Miami Dade Police based on an outstanding warrant and ICE later lifted its detainer request. (Id.)

Under respondent's evidence, in 2022, petitioner was convicted of discharging a firearm, carrying a concealed weapon, resisting arrest, tampering with evidence, and a drug possession offense and was sentenced to 20 months in prison. (ECF No 14-1 at 4.)

Petitioner was detained by immigration officials on January 14, 2026. (ECF No. 1 at 4.) He has been held in immigration detention since then, for more than seven months.

On July 13, 2026, petitioner filed the instant habeas petition asserting respondent is violating his rights including his rights under the Fifth Amendment by continuing to detain him for a prolonged period without the opportunity for release on bond. (ECF No. 1 at 6-7.) Petitioner requests immediate release under conditions of release. (Id.)c

Respondent opposes the petition. (ECF No. 14.) Respondent asserts petitioner is properly detained under 8 U.S.C. § 1231 and argues ICE has determined he represents both a danger and a flight risk because of his extensive criminal history. (Id. at 1-4.) Respondent argues petitioner is not entitled to release under the framework of Zadvydas v. Davis, 533 U.S. 678, 701 (2001), because his non-cooperation with his removal is the only obstacle to removal. (Id. at 3.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner is subject to a final order of removal, and 8 U.S.C. § 1231 governs his detention. Under this statute, a noncitizen is subject to an initial 90-day removal period during which detention is mandatory. 8 U.S.C. § 1231(a). After the 90-day removal period expires, ICE

has discretion to continue detaining the noncitizen or to release pending removal. 8 U.S.C. § 1231(a)(6).

In Zadvydas, the Supreme Court held 8 U.S.C. § 1231(a)(6) does not authorize the government to indefinitely detain a removable noncitizen, id. at 682, but a detention period less than six months is presumptively reasonable. 533 U.S. at 701. Once a noncitizen has been detained for six months under the authority of § 1231 and "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence to rebut that showing." Id. at 701.

Here, petitioner has been continuously detained since January 14, 2026, for more than seven months. Petitioner was ordered removed to Cuba approximately fifteen years ago, on September 30, 2011, and has not been removed. This suffices for petitioner's showing that there is good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. See Ruiz-Acosta v. Cent. Valley Annex, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *2 (E.D. Cal. June 26, 2026) (the "good reason to believe standard" is not a very high bar).

Respondent argues petitioner's non-cooperation with his removal is the only obstacle to his third country removal to Mexico, and thus that his removal is likely to occur in the reasonably foreseeable future. However, the record shows petitioner "refuses to accept removal to Mexico" and has refused to depart to Mexico on multiple occasions. (ECF No. 14-1 at 4-5.) The record further suggests Mexico's acceptance of petitioner may be contingent on his consent.

Under these circumstances, respondents have not met their burden to show ICE is likely to remove petitioner in the reasonably foreseeable future. See Ruiz-Acosta, 2026 WL 1846727 at *3 (internal quotation marks and citation omitted) ("Given that [p]etitioner… has declined to sign the Notice of Removal to Mexico, [r]espondents' representations are not persuasive enough to rebut [p]etitioner's showing that his detention has become indefinite."); see also Arenado-Borges v. Bondi, No. 2:25-CV-02193-JNW, 2025 WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) (finding government did not rebut the petitioner's showing where they showed merely that there was some possibility that Mexico might accept the petitioner at some point).

Because petitioner's removal is not reasonably foreseeable, his detention is not permitted by the INA as construed in Zadvydas. See 533 U.S. at 699-700 ("if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute"). The habeas petition should be granted.

**IV. Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to immediately release petitioner under appropriate conditions of supervision.
3. The Clerk of Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 3, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 prie5376.mer